**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MIKAYA WIGGINS** | § § § | |
| | § | NO. 3:22-CV-01103-JWD-EWD |
| *Plaintiffs,* | § | |
| VS. | § § | |
| | § | JUDGE JOHN W. DEGRAVELLES |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | § § | **MAGISTRATE JUDGE WILDER-DOOMES** |
| **STATE FARM GENERAL INSURANCE COMPANY AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | § § § § § § | |

## JOINT STATUS REPORT

**A.   JURISDICTION**

What is the basis for the jurisdiction of the Court?

This federal court has subject matter jurisdiction in accordance with 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the plaintiff and defendant are diverse citizens. Defendant has personal jurisdiction in Louisiana because it sold a policy of homeowner's insurance to Mikaya Wiggins which forms the basis of this suit. The policy insures plaintiff's property located at 38254 St. Martin Court Gonzalez, LA, 70737.

**B.   BRIEF EXPLANATION OF THE CASE**

1. Plaintiff claims:

(a) On or about August 29, 2021, Hurricane Ida caused damage to Plaintiff's Property in Ascension Parish, Louisiana. As a result of the storm, Plaintiff's Property sustained substantial exterior damage, primarily to the roof of the Property. Upon discovering the damage, Plaintiff promptly filed a claim with STATE FARM, who assigned claim number 1846Z745D, and in compliance with the Policy, Plaintiff began mitigating the loss as quickly as possible.

    (b)      Plaintiff avers that Defendant conducted the investigation and claims handling for Plaintiff's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973 as its payments were untimely, undercalculated, and unsupported by its own investigation.

    (c)      Plaintiff accordingly seeks remedy for the following damages:

        i. Diminution of the value of the Property;
        ii. Actual repair costs;
        iii. Reimbursement for personal repairs at the Property;
        iv. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;
        v. Additional living expenses;
        vi. Mental anguish;
        vii. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and
        viii. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

<u>Defendant claims:</u>

      Defendant State Farm Fire and Casualty Company ("State Farm") issued an insurance policy covering Plaintiff's Property. State Farm denies that it breached the policy. State Farm denies that it violated La. R.S. 22:1892 and La. R.S. 22:1973. State Farm denies that it acted in bad faith. State Farm alleges all amounts owed to Plaintiff under the Policy have been paid.

      In particular, Plaintiff reported damage from Hurricane Ida on August 31, 2021 which was assigned claim #18-24C0-03Q. On September 1, 2021, Plaintiff requested closure of the claim because Plaintiff found someone to repair damage for $500. State Farm closed the claim and sent a confirmation letter on September 8, 2021. On March 30, 2022, Plaintiff reported a new claim, #18-32D8-06V, for damages from a windstorm with hail that happened on March 22, 2022. After the April 3, 2022 inspection State Farm advised Plaintiff that the loss was below the policy deductible.

**C.    PENDING MOTIONS**

   List any pending motion(s), the date filed, and the basis of the motion(s):    None.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are

in dispute:

1. <u>Plaintiff:</u> Plaintiff avers the following are major issues of fact and law that remain in dispute:  (1) the reasonableness of STATE FARM's initial investigation into the loss and cause thereof; (2) whether STATE FARM has paid all that is currently owed under the policy to date based on the information provided by Plaintiff to STATE FARM and information uncovered through STATE FARM's own investigation; (3) whether STATE FARM violated any statutes concerning the timing or calculation of its payments; (4) if STATE FARM is found to have violated any statutes, the amounts

available to Plaintiff under those statutes; and (5) whether STATE FARM's mishandling of Plaintiff's claim constitutes bad faith in accordance with Louisiana's bad faith statutes.

2. <u>Defendant:</u> State Farm avers that all issues described in F(1) above are in dispute.

**E.   DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. <u>Plaintiff's calculation of damages:</u>

    $ 57,987.73 in actual damages to property, exclusive of costs, interest, and penalties.

2. <u>Defendant's calculation of offset and/or plaintiff's damages:</u>

    Before State Farm could inspect Plaintiff's Hurricane Ida damages, Plaintiff requested closure. State Farm's estimate of loss from Plaintiff's windstorm claim found damages under Coverage A as follows: (a) Replacement Cost Value of $633.35 and (b) an Actual Cash Value of $513.49. There were no other damages to Plaintiff's property. Should Plaintiff prove other damages, State Farm is entitled to have the policy deductible applied to offset any such amounts.

3. <u>Counterclaimant/cross claimant/third party's calculation of damages:</u>

    Not applicable.

**F.   SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:        None.

**G.   DISCOVERY**

1. Initial Disclosures:

    A.   Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [X] NO

3

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B. Do any parties object to initial disclosures?

[ ] YES   [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

None

By defendant(s):

None

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

None.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s):

Plaintiff intends to offer expert testimony from Plaintiff's cost estimator, Franky Despino, regarding estimation of damages and an expert structural engineer regarding mechanism/cause of damage. Plaintiff may additionally offer testimony from a licensed appraiser regarding valuation.

By defendant(s):

State Farm indents to engage an engineering expert to testify as to the cause and scope of damages to Plaintiff's property and a construction expert to testify as

4

to cause of damages and cost to repair damages to Plaintiff's property.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:    Not applicable.

2. Recommended deadlines to join other parties or to amend the pleadings:

    October 1, 2023

3. Filing all discovery motions and completing all discovery except experts:

    March 3, 2024

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s):    November 15, 2023

    Defendant(s):    November 30, 2023

5. Exchange of expert reports:

    Plaintiff(s):    December 15, 2023

    Defendant(s):    December 30, 2023

6. Completion of discovery from experts:    February 15, 2023

7. Filing dispositive motions and Daubert motions:    April 15, 2024

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

      a.    Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

      b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

      c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

      d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.    If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I.    TRIAL

1.    Has a demand for trial by jury been made?

      [ X ]  YES    [ ] NO

2.    Estimate the number of days that trial will require.

      Approximately 3-4 days.

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

---

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

[ ] YES    [X] NO

    i.    If the answer is *yes*, please explain:

    ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X] YES    [ ] NO

**K.    SETTLEMENT**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date. Plaintiffs aver that a proof of loss was submitted to STATE FARM in 2021 and again on April 18, 2023.

    2.    Do the parties wish to have a settlement conference:

[X] YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

A settlement conference would best serve the parties after the deadline for dispositive motions, approximately 90 days prior to trial.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: <u>June 2023</u>

*/s Alaina Brandhurst*_____
ALAINA BRANDHURST, LSBA# 35057
GALEN M. HAIR, LSBA # 32865
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd. W., Ste. 300
Metairie, LA 70001
TELEPHONE: (504) 267-1736
E-MAIL: abrandhurst@hairshunnarah.com
*Attorneys for Plaintiff,
Mikaya Wiggins*


**/s/Pamela V. Hansen**_____
PATRICK D. DeROUEN (#20535) (TA)
CHAD J. PRIMEAUX (#30024)
PAMELA V. HANSEN (#20398)
**DeROUEN LAW FIRM**
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
           cprimeaux@derouenlaw.com
           phansen@derouenlaw.com
Attorneys for State Farm Fire & Casualty Company